**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| IN RE: KENNETH B. WHITTLE, | CASE NO.: 5:24-bk-70213R |
|     DEBTOR | CHAPTER 7 |

| | |
|---|---|
| J. BRIAN FERGUSON, CHAPTER 7 TRUSTEE | |
| OF THE ESTATE OF KENNETH B. WHITTLE | PLAINTIFF |
| | |
| VS.      AP CASE NO. _____ | |
| | |
| MAHINDRA FINANCE USA, LLC and | |
| KENETH B. WHITTLE | DEFENDANTS |

**COMPLAINT TO AVOID LIEN; TO AVOID PRE-PETITION AND POST PETITION TRANSFERS; AND FOR TURNOVER OF PROPERTY**

    Comes now the Plaintiff, J. Brian Ferguson, the duly appointed Chapter 7 Trustee of the above-captioned Chapter 7 Bankruptcy Estate, and for his Complaint to Avoid Lien; to Avoid Pre-Petition and Post-Petition Transfers; and for Turnover of Property states:

**PARTIES**

    1.    The Plaintiff, J. Brain Ferguson (hereinafter the "Trustee") is the duly appointed and acting Chapter 7 Trustee for the above-described bankruptcy estate, having been appointed on February 15, 2024 and so served since that time.

    2.    The Defendant, Mahindra Finance USA LLC (hereinafter "Mahindra") is a Delaware Limited Liability Company. Mahindra's main office is located at 8001 Birchwood Ct., Johnston, Iowa, 50131. The managing director of Mahindra is Javier Pelaez.

**JURISDICTION AND VENUE**

    3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334.

    4.    This is a core proceeding under 28 U.S.C. §§157(b)(2)(A)(E)(F)(K)(N) and (O).

5. Plaintiff consents to entry of final orders or judgments by the Bankruptcy Court.

6. This Court has jurisdiction over the Defendant. See Warfield v. KR Entertainment (In re Federal Fountain), 165 F. 3d 600, 601 (8th Cir. Mo. 1999) (holding that Rule 7004(d) allows national service of process and is a congressional exercise of authority). Therefore, the exercise of jurisdiction by this Court over the Defendant is consistent with the Constitution and laws of the United States. Fed. R. Bankr. P. 7004(f). Even without national service of process, personal jurisdiction would be proper in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United States Code, which is still pending, as this matter relates to the purchase and financing of a motor vehicle that was entered into in Arkansas and the subject property is located in Arkansas and is property of the bankruptcy estate of Kenneth B. Whittle.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under Title 11, and the Trustee commenced this proceeding in the above- captioned bankruptcy case.

**FACTUAL BACKGROUND**

8. On February 15, 2024 (hereinafter the "Petition Date"), Kenneth B. Whittle (hereinafter the "Debtor") filed a voluntary Chapter 7 bankruptcy proceeding in this Court and J. Brian Ferguson was appointed Trustee for the Debtor's bankruptcy estate (hereinafter the "Estate") on the same day.

9. In his Schedule A/B, specifically at paragraph 4.6, the Debtor scheduled an interest in property described as a 2022 Mahindra Roxor (VIN: A5ZAAAAAKNA009472) (hereinafter "Roxor 9472") and valued at $24,000.00. The debtor did not claim an exemption in Roxor 9472.

10. In his Schedule A/B, specifically at paragraph 4.7, the Debtor scheduled an interest in property described as a 2022 Mahindra Roxor (VIN: A5ZAAAAAVNA009959) (hereinafter "Roxor 9959") and valued at $20,000.00. The debtor did not claim an exemption in Roxor 9959.

11. Throughout this pleading, Roxor 9472 and Roxor 9959 will be, collectively, referred to as the "Roxors".

12. The Roxors were scheduled by the Debtor under the heading "watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles and accessories" in the Debtor's schedules. After concluding his investigation, the Trustee believes the Roxors are best described as "jeep-like" four-wheeled off-road, or off-highway, side by side utility vehicles capable of achieving speeds in excess of 40 miles per hour and seating two to four adults. Regardless of the description, there is no question that the Roxors are self-propelled wheeled conveyances that do not run on rails and, therefore, are motor vehicles as defined pursuant to Ark. Code Ann. §§ 27-14-104, 27-14-207, 27-19-206, and 27-49-219.

13. In his Schedule D, specifically at paragraph 2.7, the Debtor scheduled a secured claim held by "Mahindra Finance" against Roxor 9959 in the amount of $32,000.00 and, in paragraph 2.8, against Roxor 9472 in the amount of $24,220.00.

14. Mahindra financed the Debtor's purchase of Roxor 9472 by virtue of a Retail Instalment Contract and Security Agreement executed by the Debtor on or about August 12, 2023.

15. Mahindra financed the Debtor's purchase of Roxor 9959 by virtue of a Retail Instalment Contract and Security Agreement executed by the Debtor on or about September 21, 2023.

16. In an attempt to perfect its security interest(s) in the Roxors, Mahindra filed two (2) Initial UCC Financing Statements with the Arkansas Secretary of State. The first Initial UCC Financing Statement was filed on August 15, 203 and the second Initial UCC Financing Statement was filed on September 23, 2023.

17. Neither of the Initial UCC Financing Statements filed with the Arkansas Secretary of State list a Vehcile Identification Number, Serial Number, or other unique number or description for the collateral that is the subject of the UCC Financing Statement(s).

18. Mahindra did not record its claimed liens on the titles to the Roxors and, further, did not file direct liens with the Arkansas Department of Finance and Administration.

19. The Roxors are motor vehicles as defined under Arkansas Code Annotated §§ 27-14-104, 27-14-207, 27-19-206, and 27-49-219, in that they are self-propelled wheeled conveyances that do not run on rails or stationary tracks.

20. The method and procedure for perfection of a lien as to a motor vehicle in Arkansas is set forth in Arkansas Code Annotated §§ 27-14-801 through 807. The procedure requires, among other things, that a copy of the instrument creating and evidencing a lien or encumbrance be deposited with the Arkansas Department of Finance and Administration's Office of Motor Vehicles. Further, to be valid, a lien must be recorded on the face of the title for the motor vehicle and, or, recorded electronically through the electronic lien recording database established by the department.

21. Because Mahindra failed to record its claimed liens on the titles for the Roxors and, also, failed to file direct liens on the Roxors with the Arkansas Department of Finance and Administration's lien recording database, the security interests and claimed liens of Mahindra in the Roxors are not perfected.

22. The Trustee has conducted reasonable due diligence into this lien perfection dispute and taken into account Mahindra's known, or reasonably known, defenses pursuant to 11 U.S.C. §547(c) and has engaged in both written and electronic correspondence with representatives for Mahindra without resolution.

### COUNT I: AVOIDANCE OF LIEN PURSUANT TO 11 U.S.C. §544

23. The Trustee reasserts and incorporates by reference the statements and allegations contained hereinabove in paragraphs 1 through 22.

24. Pursuant to 11 U.S.C. §544(a), a trustee shall have, as of the commencement of the case, the rights and powers of a creditor with a juridical lien on all of the debtor's property and the rights and powers of a creditor who has an execution against the debtor returned unsatisfied, and may use such powers to avoid any transfer of property or any obligation incurred by the debtor that is avoidable under 11 U.S.C. §544(a)(1) and (2).

25. Based upon the foregoing, and pursuant to 11 U.S.C. §544, the interest of Mahindra in and to the Roxors is avoidable as to the Trustee.

26. Because Mahindra failed to properly perfect its claimed security interests in the Roxors, as required by Arkansas law as herein described, any interest Mahindra holds in the Roxors is inferior to the Trustee's interest as defined in 11 U.S.C. §544.

27. Pursuant to 11 U.S.C. §544 this Court should declare Trustee's hypothetical lien superior to Mahindra's interest in the Roxors and avoid Mahindra's interest in the Roxors.

28. Pursuant to 11 U.S.C. §550, to the extent that the transfers or obligations are avoided under 11 U.S.C. §544, the Trustee "may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property" from the Defendant, the immediate or mediate transfers.

29. Pursuant to 11 U.S.C. §551, property recovered by the Trustee pursuant to 11 U.S.C. §544 shall be preserved for the benefit of the Estate but only with respect to property of the Estate. Hence, the Debtor cannot claim an exemption in the value of the Roxors arising from any declaration of the Court that Mahindra's security interest in the Roxors, if any, is inferior to the Trustee's hypothetical lien provided under 11 U.S.C. §544.

## COUNT II: RECOVERY OF PRE-PETITION AND POST-PETITION TRANSFERS

30. Pursuant to 11 U.S.C. §547, any payments from the Debtor to Mahindra made within 90 days prior to the commencement of the Chapter 7 Bankruptcy case on February 15, 2024, are avoidable by the Trustee as preferential pre-petition transfers.

31. Pursuant to 11 U.S.C. §549, any payments from the Debtor to Mahindra made after the commencement of the Chapter 7 Bankruptcy case on February 15, 2024, are avoidable by the Trustee as post-petition transfers.

## COUNT III: TURNOVER OF PROPERTY

32. Pursuant to 11 U.S.C. §704, the Trustee has a duty to collect, and reduce to money, the property of the estate.

33. Pursuant to 11 U.S.C. §521, the Debtor is required to cooperate with the Trustee as necessary to enable the Trustee to perform his duties.

34. In the event that the liens of Mahindra in the Roxors are avoided as herein requested, the Debtor should be ordered and directed to turnover the Roxors to the Trustee so that the Trustee may sell the same for the benefit of the Estate and creditors, generally.

WHEREFORE, the Trustee, Plaintiff, respectfully requests that this enter its Order finding that the Trustee's interest in the Roxors is superior to the interest of Mahindra; determining that the claimed liens of Mahindra in the Roxors are invalid as to the Trustee; avoiding the claimed liens of Mahindra in the Roxors; directing Mahindra to turn over to the Trustee all payments for the Roxors made by the Debtor within the ninety (90) days prior to the commencement of the bankruptcy case; directing Mahindra to turn over to the Trustee all payments made by the Debtor for the Roxors after the commencement of the bankruptcy case; directing the debtor to turn over to the Trustee each of the Roxors so that the Trustee may sell the same; and awarding to the Trustee all other just and proper relief to which he may be entitled.

Respectfully submitted,

/s/ J. Brian Ferguson
J. Brian Ferguson, Trustee, Plaintiff

By his Attorneys:

Ferguson Law Firm, PLLC
3333 Pinnacle Hills Pkwy, Suite 410
Rogers, AR 72758
(479) 464-4418 (Telephone)
brian@ozarkfunds.com