# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

IN RE:     Kenneth B. Whittle,                       CASE NO. 5:24-bk-70213
               Debtor                                                      (Chapter 7)

J. BRIAN FERGUSON, CHAPTER 7 TRUSTEE
OF THE ESTATE OF KENNETH B. WHITTLE                PLAINTIFF

VS.                      NO. 5:24-ap-07055

MAHINDRA FINANCE USA LLC and
KENNETH B. WHITTLE                                           DEFENDANTS

## ANSWER TO COMPLAINT OF SEPARATE DEFENDANT MAHINDRA FINANCE USA LLC

Comes separate defendant Mahindra Finance USA LLC ("Mahindra"), by and through its attorneys, and for its Answer to Complaint, states:

1. Mahindra admits the allegations in paragraph 1.

2. Mahindra admits the allegations in paragraph 2.

3. Mahindra admits the allegations in paragraph 3.

4. Mahindra admits the allegations in paragraph 4.

5. Pleading in response to paragraph 5, Mahindra also expressly consents to the Bankruptcy Court entering a final order on all claims and causes of action asserted in this adversary proceeding.

6. Mahindra admits the jurisdiction of this court as alleged in paragraph 6.

7. Mahindra admits the propriety of venue as alleged in paragraph 7.

8. Mahindra admits the allegations in paragraph 8.

9.      Mahindra is without sufficient information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the same.

10.     Mahindra is without sufficient information to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

11.     The allegations in paragraph 11 are not directed to Mahindra and therefore require no response, but for purposes of this Answer, Mahindra shall sometimes hereafter refer to the vehicles as Roxor 9959 and Roxor 9472 as noted in the Complaint.

12.     Pleading in response to paragraph 12, Mahindra states that Roxor 9959 and Roxor 9472 qualify as all-terrain vehicles within the meaning of Ark. Code Ann. § 27-21-102 and Ark. Code Ann. § 27-14-806 (a)(2)(A). Mahindra denies the remainder of paragraph 12 to the extent it conflicts with the foregoing premise, and affirmatively states that Ark. Code Ann. § 27-14-102 and Ark. Code Ann. § 27-49-219 have been repealed.

13.     Mahindra admits holding claims which are secured by Roxor 9959 and Roxor 9472. Mahindra is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies the same.

14.     Mahindra admits the allegations in paragraph 14.

15.     Mahindra admits the allegations in paragraph 15.

16.     Mahindra admits filing the UCC financial statements identified in paragraph 16 of the Complaint, but affirmatively states that Mahindra also noted its liens on the Certificates of Origin covering the Roxor 9959 and Roxor 9472 in accordance with Ark.

Code Ann. § 27-14-806 (a)(2)(A).

17. Mahindra admits the UCC financing statements did not contain the vehicle identification number or serial number for the Roxor 9959 and Roxor 9472 as alleged in paragraph 17, but affirmatively states that Mahindra perfected its liens by noting its interest on the Certificates of Origin and retaining physical possession of same.

18. Mahindra admits the allegations in paragraph 18, but affirmatively states that no certificates of title were issued, and Mahindra instead perfected its liens by noting its interest on the Certificates of Origin as permitted by Ark. Code Ann. § 27-14-806 (a)(2)(A).

19. Pleading in response to paragraph 19, Mahindra states that Roxor 9959 and Roxor 9472 qualify as all-terrain vehicles within the meaning of Ark. Code Ann. § 27-21-102 and Ark. Code Ann. § 27-14-806 (a)(2)(A). Mahindra denies the remainder of paragraph 12 to the extent it conflicts with the foregoing premise, and affirmatively states that Ark. Code Ann. § 27-14-102 and Ark. Code Ann. § 27-49-219 have been repealed.

20. The allegations in paragraph 20 constitute legal conclusions to which no response is required. Mahindra denies plaintiff's conclusion that liens on all-terrain vehicles can only be perfected through a notation on the title and by filing an electronic lien notification with the Arkansas Department of Finance and Administration.

21. Mahindra denies the allegations in paragraph 21.

22. Mahindra admits it has been contacted by the trustee and exchanged correspondence relating to this controversy as alleged in paragraph 22, but is without

3

sufficient information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

23. In response to Paragraph 23 of the Complaint, Mahindra adopts and incorporates by reference its responses to the preceding paragraphs.

24. The allegations in paragraph 24 constitute legal conclusions to which no response is required. To the extent paragraph 24 alleges that Mahindra's liens are avoidable pursuant to 11 U.S.C § 544, then Mahindra denies the same.

25. Mahindra denies the allegations in paragraph 25.

26. Mahindra denies the allegations in paragraph 26.

27. Mahindra denies the allegations in paragraph 27.

28. The allegations in paragraph 28 constitute legal conclusions to which no response is required. To the extent paragraph 28 alleges that Mahindra's liens are avoidable pursuant to 11 U.S.C § 544, then Mahindra denies the same.

29. The allegations in paragraph 29 constitute legal conclusions to which no response is required. To the extent paragraph 29 alleges that Mahindra's liens are avoidable pursuant to 11 U.S.C § 544, then Mahindra denies the same.

30. Mahindra denies the allegations in paragraph 30.

31. Mahindra denies the allegations in paragraph 31.

32. The allegations in paragraph 32 constitute legal conclusions and are not directed to Mahindra, and therefore require no response.

33. The allegations in paragraph 33 constitute legal conclusions and are not directed to Mahindra, and therefore require no response.

34. The allegations in paragraph 34 are not directed to Mahindra, and therefore require no response. To the extent a response is required, Mahindra denies the trustee is entitled to take possession of and sell Roxor 9959 and Roxor 9472 for the benefit of the estate and other creditors.

35. Mahindra denies all allegations of the Complaint not specifically admitted herein.

36. Pleading affirmatively, Mahindra holds prior and paramount liens secured by Roxor 9959 and Roxor 9472 which were perfected when Mahindra noted its liens on the Certificates of Origin as permitted by Ark. Code Ann. § 27-14-806 (a)(2)(A).

37. Mahindra reserves the right to amend and plead further pending additional investigation and the completion of discovery.

WHEREFORE, Mahindra prays that the Complaint be dismissed, that plaintiff take nothing from Mahindra, for its costs, and for all other proper relief.

Respectfully submitted,

**HURST BURNETT PLC**
PO Box 1149
Jonesboro, AR 72403
(870) 268-7602 phone
(870) 268-7607 fax
hhurst@hbfirm.net

By  /s/ Harry S. Hurst, Jr.
     Harry S. Hurst, Jr. (88116)
     Attorneys for Mahindra Finance USA LLC

### Certificate of Service

    Harry S. Hurst, Jr. certifies that he has served a copy of the foregoing pleading on Mr. J. Brian Ferguson, Ferguson Law Firm, PLLC, 3333 Pinnacle Hills Pkwy, Suite 410, Rogers, AR 72758, and the U.S. Trustee, Office of U.S. Trustee, 200 W. Capitol, Ste. 1200, Little Rock, AR 72201, by electronic transmittal, CM/ECF, or by mailing a copy via US Postal Service, postage prepaid, on this November 25, 2024.

     /s/ Harry S. Hurst, Jr.
    Harry S. Hurst, Jr.