**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| In re: KENNETH B. WHITTLE, Debtor | Case No. 5:24-bk-70213 |
| | Chapter 7 |

| | |
|---|---|
| J. BRIAN FERGUSON, Chapter 7 Trustee | |
| of the Estate of Kenneth B. Whittle | PLAINTIFF |

v.                                    5:24-bk-07055

| | |
|---|---|
| MAHINDRA FINANCE USA, LLC and | |
| KENNETH B. WHITTLE | DEFENDANTS |

**ORDER AND OPINION GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Kenneth B. Whittle [debtor] filed his chapter 7 case on February 15, 2024.  On October 30, 2024, the chapter 7 trustee, J. Brian Ferguson [trustee or plaintiff], filed the instant adversary proceeding against Mahindra Finance USA, LLC [Mahindra or defendant] and the debtor.[1]  In his complaint, the trustee alleges that Mahindra did not perfect its security interests in two all-terrain vehicles and, as a result, Mahindra's liens should be avoided pursuant to 11 U.S.C. §§ 544, 550, and 551.  The trustee also seeks turnover of the two all-terrain vehicles pursuant to § 542, any payments made by the debtor to Mahindra within the ninety days preceding the filing of the debtor's petition pursuant to § 547, and any post-petition payments made to Mahindra pursuant to § 549.  Mahindra answered the trustee's complaint on November 25, 2024, denying that its liens are unperfected and denying that the trustee is entitled to turnover.

---

[1] The debtor did not file an answer to the trustee's complaint and a default was entered against him on January 27, 2025.  (Dkt. No. 17.)

Now before the Court are the parties' cross-motions for summary judgment. On September 3, 2025, the trustee filed his motion for partial summary judgment, together with a statement of undisputed facts and exhibits, and a supporting brief. On September 11, Mahindra filed its motion for summary judgment, together with a statement of undisputed facts and exhibits, and a supporting brief. On September 22, the trustee filed his response to Mahindra's motion for summary judgment. On September 30, Mahindra filed both a reply to the trustee's response to its motion for summary judgment and a response to the trustee's motion for partial summary judgment. On October 2, the trustee filed a reply to Mahindra's response to the trustee's motion for partial summary judgment. For the reasons stated below, the Court grants the trustee's motion for partial summary judgment and grants in part and denies in part Mahindra's motion for summary judgment.

I. **Summary Judgment**

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Canal Ins. Co. v. ML & S Trucking, Inc.*, No. 2:10-CV-02041, 2011 WL 2666824, at *1 (W.D. Ark. July 6, 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); and *Nat'l Bank of Com. of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing to former Fed. R. Civ. P. 56(c)). The burden then shifts to the non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The non-moving party is not required to present a defense to an insufficient presentation of facts by the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (quoting 6 J. Moore, Fed. Prac. 56.22(2), pp. 2824-25 (2d ed. 1966)). However, if the non-moving party fails to address the movant's assertion of fact, the court

2

may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). When ruling on a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997); *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650 (8th Cir. 1996).

II. **Facts Not in Dispute**

Because "the [p]arties have filed cross-motions for summary judgment, each party bears the burden of showing there are no material facts in dispute, and summary judgment is proper. If that hurdle is met . . . the Court turns to adjudicating which party is entitled to judgment as a matter of law[.]" *In re Richardson,* No. 19-10525, No. 19-10526, 2021 WL 261380, at *5 (Bankr. D. Vt. Jan. 19, 2021). Here, the facts are not in dispute.

In paragraph 4.6 of the debtor's Schedule A/B, the debtor scheduled an ownership interest in property described as a 2022 Mahindra Roxor (VIN: A5ZAAAAAKNA009472) [Roxor 9472], which the debtor valued at $24,000. In paragraph 4.7, the debtor scheduled an ownership interest in property described as a 2022 Mahindra Roxor (VIN: A5ZAAAAAVNA009959) [Roxor 9959], which the debtor valued at $20,000. The debtor scheduled the Roxors under the heading "watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles and accessories." The parties agree that the Roxors are all-terrain vehicles. The debtor claimed no exemption in either Roxor on Schedule C.

Mahindra financed the debtor's purchase of Roxor 9959 by virtue of a Retail Installment Contract and Security Agreement executed by the debtor on August 11, 2023, and financed the debtor's purchase of Roxor 9472 by virtue of a Retail Installment Contract and Security Agreement executed by the debtor on September 19, 2023. In paragraph 2.8 of Schedule D, the debtor listed Mahindra as the creditor holding a secured claim as to Roxor 9472 in the amount of $24,220 and in paragraph 2.7, listed Mahindra as the creditor holding a secured claim as to Roxor 9959 in the amount of $32,000. The debtor took possession of the Roxors following the execution of the respective Retail Installment

Contract and Security Agreements and maintained possession at least through the date he filed his chapter 7 petition on February 15, 2024.

Mahindra filed two Initial UCC Financing Statements with the Arkansas Secretary of State. The first Initial UCC Financing Statement was filed on August 15, 2023, and the second Initial UCC Financing Statement was filed on September 23, 2023. Neither of the Initial UCC Financing Statements filed with the Arkansas Secretary of State listed a Vehicle Identification Number, serial number, or other unique number or description for the collateral that is the subject of the UCC Financing Statements. Mahindra also noted its liens on the back of the Roxors' manufacturer's certificates of origin. The manufacturer's certificates of origin remain in Mahindra's possession. Mahindra took no other steps aimed at perfecting its security interests in the Roxors.

In its motion for summary judgment, Mahindra seeks judgment in its favor not only regarding the perfection of its liens but also regarding the trustee's motion for turnover of payments received within ninety days of the debtor's petition and any post-petition payments. Attached to Mahindra's motion for summary judgment as Exhibit H was the affidavit of Mary Lilly, Litigation and Bankruptcy Specialist. (Dkt. No. 30-2.) In her affidavit, Ms. Lilly avers in relevant part that "Mahindra received no payments on either contract within ninety (90) days of Whittle's petition date on February 15, 2024, or any payments post-petition. With respect to the contract secured by the Roxor 9959, a single payment of $1032.48 was received on October 13, 2023. No payments were received on the contract secured by the Roxor 9472." (Dkt. No. 30-2.) The trustee presented no evidence to rebut Ms. Lilly's averments on the issue of payments.[2]

---

[2] The trustee did state in his response to Mahindra's motion for summary judgment that "Plaintiff does not stipulate to the veracity of the statements contained within Exhibit 'H' attached to the Motion as Plaintiff has no knowledge of the Affiant and has had no opportunity to conduct an examination of the Affiant and, or, her statements." (Dkt. No. 31.) Based on this assertion, the Court considered treating Ms. Lilly's averments regarding payments as a fact unavailable to the nonmovant under Federal Rule of Civil Procedure 56(d). However, the parties emailed the Court's staff on October 7, 2025, and requested that the Court dispose of this adversary proceeding in its entirety based on the evidence as presented in their cross-motions for summary judgment. Therefore, the

4

## IV. Synopsis of the Parties' Arguments

In his motion for partial summary judgment, the trustee contends that Mahindra did not comply with the statutory requirements necessary under Arkansas law to perfect its security interests in the Roxors. The trustee argues that UCC financing statements cannot be used to perfect security interests in motor vehicles in any circumstance, but even if they could, they did not in this case because Mahindra's UCC financing statements failed to identify the Roxors with any specificity. The trustee also contends that Mahindra's notation of its liens on the back of the manufacturer's certificates of origin was insufficient to perfect the liens because such notation did not effectuate the constructive notice required for perfection under the applicable Arkansas statutes. For these reasons, the trustee contends that the Court must find as a matter of law that Mahindra's liens are unperfected and subject to avoidance under §§ 544, 550, and 551. The trustee did not move for summary judgment on his cause of action under § 547, in which he seeks the turnover of alleged preferential payments made to Mahindra within ninety days of the filing of the debtor's petition, or his cause of action under § 549 in which he seeks to recover any post-petition payments made to Mahindra.

While Mahindra appears to concede that the trustee's position regarding perfection may have been valid prior to 2005, Mahindra argues that Arkansas law changed in 2005 regarding the perfection of liens on all-terrain vehicles such as the Roxors. According to Mahindra, the 2005 amendment to the relevant statute provided that, among other options, the holder of a lien on an all-terrain vehicle may perfect its lien by recording such lien on the manufacturer's statement of origin. Because there is no dispute that Mahindra noted its liens on the manufacturer's certificates of origins, Mahindra contends that the Court must find as a matter of law that its liens are perfected and, accordingly, that the trustee is not entitled to avoid the liens under §§ 544, 550, and 551. In addition, Mahindra contends that, with respect to Roxor 9959, the debtor made a single payment of $1032.48 on October 13, 2023, which was more than ninety days prior to the debtor filing his petition, and the debtor made no payments with respect to Roxor 9472. As a result,

---

Court considers the cited portion of Exhibit H regarding payments to be undisputed for purposes of this order pursuant to Federal Rule of Civil Procedure 56(e)(2).

Mahindra asserts that it is entitled to summary judgment in its favor as to the trustee's causes of action under §§ 547 and 549.

### V.     Law & Analysis

The parties agree that the Roxors qualify as motor vehicles falling under the purview of the Uniform Motor Vehicle Administration, Certificate of Title, and Antitheft Act [the Act], codified at Arkansas Code Annotated sections 27-14-101 through 2401.  The portion of the Act relevant to whether Mahindra's liens are perfected is found in Arkansas Code Annotated sections 27-14-801 through 807.[3]

Section 27-14-801 states in relevant part that "no . . . lien or encumbrance or title retention instrument upon a vehicle, of a type subject to registration under the laws of this state other than a lien dependent upon possession, is valid . . . until the requirements of this subchapter have been complied with." Ark. Code Ann. § 27-14-801.  Section 27-14-802 provides that "there shall be deposited with the Office of Motor Vehicle a copy of the instrument creating and evidencing a lien or encumbrance, which instrument is to be executed in the manner required by the law of this state and accompanied by the certificate of title last issued for the vehicle." Ark. Code Ann. § 27-14-802(a).  This statute also outlines the process for the issuance of a title if a vehicle has not been registered and no certificate of title has been issued, requiring that "the certified copy of the instrument creating the lien or encumbrance shall be accompanied by an application by the owner in usual form for an original registration and issuance of an original certificate of title." Ark. Code Ann. § 27-14-802(c).

Section 27-14-803 requires the Office of Motor Vehicle to file any application and documents received, with the recordation of the date and hour received and requires the Office of Motor Vehicle to be satisfied as to the genuineness and regularity of the application.  Ark. Code Ann. § 27-14-803.  Section 27-14-804 requires the Office of

---

[3] Although the Court reviewed the relevant statutes in their entirety, the Court largely restates the summaries of sections 27-14-801 through 805 as they appeared in the trustee's brief in support of partial summary judgment at docket entry 29.

6

Motor Vehicle to maintain an appropriate index of all lien, encumbrance, or title retention instruments. Section 27-14-805 provides that the "filing and issuance of a new certificate of title as provided in this chapter shall constitute notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, subsequent purchasers, and encumbrancers, except those liens as may be authorized by law dependent upon possession." Ark. Code Ann. § 27-14-805(a).

The parties' dispute regarding whether Mahindra properly perfected its security interests in the Roxors centers around their differing interpretations of section 27-14-806, entitled "Optional means of recording," which provides:

> (a)(1) At his or her option, a lienholder may:
> (A) Record the lien:
> (i) On the manufacturer's statement of origin;
> (ii) On an existing certificate of title; or
> (iii) If the Office of Motor Vehicle determines it is technologically and economically feasible to offer the ability to electronically record a lien, through the electronic lien recording database established by the Department of Finance and Administration; and
> (B) File with the Revenue Division of the Department of Finance and Administration a certified copy of the instrument creating and evidencing the lien or encumbrance.
>
> (2) In the case of implements of husbandry, mobile homes or manufactured homes as defined in § 27-14-104, and all-terrain vehicles as defined in § 27-21-102, at his or her option, a lienholder may:
> (A) Record the lien on the manufacturer's statement of origin;
> (B) Record the lien on an existing certificate of title;
> (C) File with the division a certified copy of the instrument creating and evidencing the lien or encumbrance; or
> (D) If the Office of Motor Vehicle determines it is technologically and economically feasible to offer the ability to electronically record a lien, record the lien through the electronic lien recording database established by the department.
>
> (3) He or she shall remit therewith a fee of one dollar ($1.00) for each lien to be filed.
>
> (4) The recording or filing shall constitute constructive notice of the lien against the vehicle described therein to creditors of the owner, subsequent

7

purchasers, and encumbrances, except those liens that are by law dependent upon possession.

(5) A photocopy of the manufacturer's statement of origin or of an existing certificate of title or of ownership, showing the lien recorded thereon and certified as a true and correct copy by the party recording the lien, shall be sufficient evidence of the recording.

(b)(1)(A) The lien shall be deemed perfected and the constructive notice shall be effective from the date of the execution of the instrument creating and evidencing the lien or encumbrance if it is filed as authorized in this section within thirty (30) days after the date of the execution thereof.
> (B) If the instrument is filed more than thirty (30) days after the date of the execution thereof, the lien shall be deemed perfected and the constructive notice shall date from the time of the filing of the instrument.

(2) However, the filing of a lien under the provisions of this section by the lienholder and the payment of the fee therefor shall in no way relieve any person of the obligation of paying the fee required by law for filing a lien to be evidenced on a certificate of title of a motor vehicle.

Ark. Code Ann. § 27-14-806.

According to Mahindra, subsection (a)(2) provides four methods by which the holder of a lien on an all-terrain vehicle may perfect its security interest, any one of which is sufficient to achieve perfection. Mahindra contends that it perfected its liens on the Roxors under the method provided in (a)(2)(A) when it noted its liens on the manufacturer's statements of origin. When (a)(2)(A) is read in isolation, Mahindra's interpretation of (a)(2)(A) is not wholly implausible.

However, (a)(2)(A) must be construed in conjunction with the remainder of the provisions in section 27-14-806, rather than examined independently. *See Holbrook v. Healthport, Inc.*, 432 S.W.3d 593, 597 (Ark. 2014) (courts must "construe[] the statute so that no word is left void, superfluous, or insignificant" and meaning and effect must be given to "every word in the statute, if possible.") Subsection (a)(3) provides that "[h]e or she shall remit therewith a fee of one dollar ($1.00) for each lien to be filed." This

subsection indicates that, regardless of how a lienholder chooses to record its lien under subsection (a)(1) or (a)(2), the lien must also be filed and a payment of $1.00 remitted. Subsection (a)(4) provides that "recording or filing shall constitute constructive notice of the lien against the vehicle described therein to the creditors of the owner, subsequent purchasers, and encumbrances, except those liens that are by law dependent upon possession." Ark. Code Ann. § 27-14-806(a)(4). Because (a)(4) provides that either recording or filing constitutes constructive notice of a lien, those terms necessarily have distinct meanings within this statute. Although the Court found no Arkansas case in which a distinction between recording and filing is discussed, other jurisdictions have recognized the difference. *See State v. Noren*, 621 P.2d 1224, 1225 (Utah 1980) ("[a]lthough the words 'file' and 'record' have occasionally been used somewhat interchangeably they have more frequently been interpreted as implying or requiring different things."); *Town of Hurley v. New Mexico Mun. Boundary Comm'n,* 614 P.2d 18, 21 (N.M. 1980) ("[f]iling and recording as those terms are known to the law are not synonymous."). The term "'[r]ecorded' has been held to signify 'copied or transcribed into some permanent book' while 'filing' signifies [] delivery to the proper official." *Noren*, 621 P.2d at 1225. "Record" has also been defined as "a documentary account of past events . . . designed to memorialize those events." BLACK'S LAW DICTIONARY (7th ed. 1999).

The Court finds that "record," as it appears in (a)(2)(A), equates to memorializing the existence of a lien by noting the lien on the manufacturer's certificate of origin. This definition of "record" is consistent with Mahindra's own interpretation of the term— Mahindra represented in its statement of undisputed facts that "[it] perfected its security interest[s] in the Roxor[s] *by noting its lien*[*s*] on the back of the manufacturer's Certificate[s] of Origin, which remain[] in Mahindra's possession and control." (Dkt. No. 30-3) (emphasis added). Mahindra argues that these notations served to perfect its liens. However, because the certificates have remained in Mahindra's possession, it is difficult to envision how anyone else could be charged with notice of Mahindra's liens if perfection was achieved solely by notation. Presumably, that is why the statute requires additional steps for perfection, as discussed below.

9

Subsection (a)(5) states that "[a] photocopy of the manufacturer's statement of origin . . . showing the lien recorded thereon and certified as a true and correct copy by the party recording the lien, shall be sufficient evidence of recording." Ark. Code Ann. § 27-14-806(a)(5). Based on this provision, it is evident that notation of the lien alone is not the end of the process. The manufacturer's statement of origin showing the lien may be photocopied and certified by the lienholder as a true and correct copy. If merely noting the lien on the original on the manufacturer's statement of origin and retaining possession of the original was all that was required for perfection, (a)(5)'s provision regarding photocopying the manufacturer's statement of origin with the lien noted on it and certifying the photocopy as true would make little sense. However, when the provisions of subsection (a) are read in conjunction with subsection (b)(1)(A), the path to perfection becomes clear.

As stated above, under (a)(4), recording "shall constitute constructive notice" of a lien. Ark. Code Ann. § 27-14-806(a)(4). However, pursuant to subsection (b)(1), filing is required to *effectuate* the constructive notice and perfect the lien. Specifically, subsection (b)(1) provides:

> (A) *The lien shall be deemed perfected and the constructive notice shall be effective* from the date of the execution of the instrument creating and evidencing the lien or encumbrance *if it is filed as authorized in this section* within thirty (30) days after the date of the execution thereof.
> (B) If the instrument is filed more than thirty (30) days after the date of the execution thereof, the lien shall be deemed perfected and the constructive notice shall date *from the time of the filing of the instrument*.

Ark. Code Ann. § 27-14-806(b)(1)(emphasis added).

When the statute is read as a whole, it is evident that noting the lien on the manufacturer's certificate of origin under (a)(2)(A) constitutes constructive notice but such constructive notice is not effective—and the lien is not perfected—unless and until the instrument itself (or a photocopy of the instrument that has been certified as true and correct by the lienholder) is actually filed. This interpretation gives effect to the entire statute and is consistent with the rest of the provisions contained in sections 27-14-801

<pre style="white-space: pre-wrap">
<pre style="white-space: pre-wrap"></pre>
</pre>

<pre style="white-space: pre-wrap">
</pre>

<pre style="white-space: pre-wrap"><pre style="white-space: pre-wrap"></pre></pre>

through 805. *See Sesley v. State*, 380 S.W.3d 390, 391 (Ark. 2011) ("[i]t is well settled that statutes relating to the same subject should be read in a harmonious manner if possible.") For these reasons, the Court grants the trustee's motion for partial summary judgment and finds as a matter of law that Mahindra's liens on the Roxors were not perfected in accordance with Arkansas law.[4] Therefore, the Court finds that Mahindra's liens on the Roxors are avoided pursuant to 11 U.S.C. §§ 544, 550, and 551, the provisions of which are incorporated herein by reference.

As to Mahindra's motion for summary judgment regarding the alleged preferential and post-petition payments the trustee seeks to recover, the trustee did not produce any evidence to rebut the portion of Mary Lilly's affidavit in which she averred that no such payments were received by Mahindra. Therefore, the Court grants summary judgment in Mahindra's favor on the trustee's causes of action under 11 U.S.C. §§ 547 and 549.

### VI.  Conclusion

For the above-stated reasons, the Court grants the trustee's motion for partial summary judgment and grants in part and denies in part Mahindra's motion for summary judgment. The trial of this proceeding previously scheduled for October 20, 2025, is hereby cancelled.

IT IS SO ORDERED.

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 10/15/2025

cc:   J. Brian Ferguson, chapter 7 trustee and plaintiff
      Harry S. Hurst, attorney for defendant Mahindra Finance USA, LLC
      United States Trustee

---

[4] Because Mahindra made no assertion that its UCC filings perfected its liens on the Roxors, the Court need not address them.